UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **ETTA SALTER** | : | Case No. 1:22 cv 518 |
| 6182 Old Stone Court | : | |
| Hamilton, OH 45011 | : | Judge _____ |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **COMPLAINT WITH JURY DEMAND** |
| | : | |
| **EVERGREEN REAL ESTATE** | : | |
| **SERVICES, LLC** | : | |
| 566 Lake Street, Suite 400 | : | |
| Chicago, IL 60661 | : | |
| | : | |
| Registered agent: | : | |
| C T CORPORATION SYSTEM | : | |
| 4400 EASTON COMMONS WAY | : | |
| SUITE 125 | : | |
| COLUMBUS OH 43219 | : | |
| | : | |
| Defendant. | : | |

## PARTIES

1. Plaintiff Etta Salter ("Plaintiff" or "Mrs. Salter") resides in Butler County, Ohio.

2. Defendant Evergreen Real Estate Services, LLC ("Defendant" or "Evergreen") is a foreign real estate company that conducts business in the city of Hamilton, Ohio and employed Mrs. Salter in Ohio.

3. Defendant is an employer within the meaning of United States and Ohio Law.

## JURISDICTION AND VENUE

4. The Court has jurisdiction to hear this case pursuant to 28 U.S.C. § 1331 because it arises under Title VII of the Civil Rights Act of 1964 ("Title VII") 42 U.S.C. § 621 *et seq.*, and the Families First Coronavirus Response Act ("FFCRA").

5.  This Court has supplemental jurisdiction over the state law claims in this Complaint pursuant to 28 U.S.C. § 1367 because Plaintiff's state law claims derive from the same operative facts and are so related to her federal claims over which the Court has original jurisdiction that they form a part of the same case or controversy.

6.  Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). She filed that Charge less than 300 days after being notified of her termination. Plaintiff received a Notice of Right to Sue from the EEOC dated June 10, 2022 (attached as Ex. A), and this Complaint is filed within 90 days of receipt of the Notice.

7.  Venue is proper in this division and district pursuant to 28 U.S.C. § 1391 because Defendant employed Plaintiff in this division and district.

## FACTUAL ALLEGATIONS

8.  Plaintiff Etta Salter is an African American woman.

9.  Defendant is a company engaged in the business of managing residential rental real estate properties.

10. Defendant hired Plaintiff on or about June 7, 2018, as the Property Manager at the Neilan Park Apartments located in Hamilton, Ohio, one of the properties that Defendant managed.

11. Plaintiff began working at Neilan Park as a contracted office worker through a predecessor agency when Defendant was selected by the property owner to manage the property in late 2017. Plaintiff left in March 2018 to take another job and was recruited back a few months later to work as the property manager.

12. At all times relevant to this Complaint, Plaintiff was a loyal and dedicated employee.

13. As Property Manager, Plaintiff received inadequate training for the position and inherited problems from previous management. Defendant was aware at the time Plaintiff was hired as Property Manager that she was not a Certified Occupancy Specialist ("COS") and needed training with respect to the HUD affordable housing programs applicable to many of Neilan Park's residents.

14. Despite knowing that Plaintiff needed training and assistance, Defendant immediately began creating a paper trail of performance write-ups beginning in August 2018 when Plaintiff had only been in the position a couple of months.

15. On January 24, 2019, after only approximately 6 months on the job, Defendant demoted Plaintiff to Assistant Property Manager at the Neilan Park location.

16. On or about March 9, 2020, Defendant hired Angelia Fry, a Caucasian woman, to replace Plaintiff as Property Manager and Plaintiff began reporting to Ms. Fry.

17. Upon hire, Ms. Fry began bullying and continuously harassing Plaintiff on account of her race creating a hostile work environment.

18. On or about May 20, 2020, Ms. Fry used a company phone to secretly record conversations between Plaintiff and a co-worker, when Fry was not present, nor a party to Plaintiff's conversations.

19. Fry's behavior in recording Plaintiff's conversations to which she was not a party and without Plaintiff's consent violated Ohio wiretapping law, O.R.C. §2933.52.

20. Ms. Fry intimidated and threatened Plaintiff by informing her that she had a black belt in karate and knew how to snap anyone's neck from behind. To further intimidate Plaintiff, Ms. Fry performed a demonstration by taking another employee to the ground to illustrate her

3

strength. This employee who was friends with Ms. Fry bragged to Plaintiff that Ms. Fry could "hurt someone if she wanted to."

21. On May 25, 2020, Plaintiff notified Human Resources Manager Remy Guzman of Ms. Fry unlawfully recording Plaintiff's conversations, that Fry was creating a hostile work environment, and that she concerns for her safety due to Ms. Fry's threatening behavior.

22. Upon information and belief, Ms. Fry admitted to her criminal behavior in secretly recording Plaintiff. Further, Defendant knew Fry was a black belt and taught karate professionally in addition to working for Defendant as property manager.

23. Despite Ms. Fry admitting to criminal behavior directed at Plaintiff, Defendant did not terminate Fry and allowed her to continue supervising Plaintiff.

24. Ms. Fry allegedly received a verbal warning for her conduct toward Plaintiff, but she retaliated against Plaintiff by subjecting her to closer scrutiny and changing her normal work duties and expectations and continuing to create a hostile work environment.

25. For example, on June 11, 2020, Ms. Fry directed Plaintiff to take her lunch break during a scheduled period. No other employee at the Neilan location had similar directives and were free to take their lunch when they chose, including Ms. Fry.

26. Further, on August 7, 2020, Plaintiff sent an email to both Ms. Fry and Regional Supervisor Allyson Smith regarding an exterminator company that failed to show up as scheduled. In response, Ms. Fry demeaned Plaintiff for asking Ms. Smith how to deal with the ongoing issue.

27. On August 4, 2020, Plaintiff emailed Ms. Smith and Mr. Guzman regarding taking leave to monitor her granddaughter's online school. Plaintiff has legal custody of her

granddaughter. Mr. Guzman confirmed that Plaintiff was eligible for 80 hours of Families First Coronavirus Response Act (FFCRA) leave.

28. On August 11, 2020, Plaintiff sent another email to Mr. Guzman explaining the harassing and toxic environment Ms. Fry continued to create. Ms. Fry on several occasions berated Plaintiff about her stepping down from Property Manager to Assistant Property Manager and told Plaintiff that she should have just left the company.

29. Despite Plaintiff's numerous reports that Ms. Fry harassed and threatened her, Ms. Fry harassing, threatening and retaliatory behavior continued causing emotional distress to Plaintiff and exacerbating concerns for her safety.

30. On August 19, 2020, Plaintiff sent an email to Mr. Guzman and Ms. Smith explaining that she would be taking FFCRA leave beginning August 27, 2020.

31. Defendant abruptly terminated Plaintiff's employment effective August 20, 2020. To justify Plaintiff's termination, Defendant issued a notice of termination that included factually false and misleading allegations of performance issues.

## COUNT I

### (Race Discrimination – Title VII)

32. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

33. Plaintiff is African American.

34. Plaintiff was subjected to adverse employment actions by Defendant, including demotion, termination, workplace harassment, and being treated less favorably than similarly situated Caucasian employees on account of her race in violation of Title VII.

35. Defendant's conduct was intentional, willful, wanton, malicious, and in reckless disregard of Plaintiff's legal rights.

36. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages and is entitled to relief.

## COUNT II

### (Race Discrimination – O.R.C. § 4112)

37. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

38. Plaintiff is African American.

39. Plaintiff was subjected to adverse employment actions by Defendant, including demotion, termination, workplace harassment, and being treated less favorably than similarly situated Caucasian employees on account of her race in violation of Ohio law.

40. Defendant's conduct was intentional, willful, wanton, malicious, and in reckless disregard of Plaintiff's legal rights.

41. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages and is entitled to relief.

## COUNT III

### (Retaliation – Title VII)

42. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

43. Plaintiff engaged in protected activity by complaining about the ongoing workplace harassment, discrimination, and a threatening environment created by Ms. Fry and Defendant.

44. Defendant terminated Plaintiff's employment because she engaged in the above-described protected activity in violation of Title VII.

45. Defendant's conduct was intentional, willful, wanton, malicious, and in reckless disregard of Plaintiff's legal rights.

46. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages and is entitled to relief.

## COUNT IV

### (Retaliation – O.R.C. § 4112)

47. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

48. Plaintiff engaged in protected activity by complaining about the ongoing workplace harassment, discrimination, and threatening environment created by Ms. Fry and Defendant.

49. Defendant terminated Plaintiff's employment because she engaged in the above-described protected activity in violation of Ohio law.

50. Defendant's conduct was intentional, willful, wanton, malicious, and in reckless disregard of Plaintiff's legal rights.

51. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages and is entitled to relief.

## COUNT V

### (EFMLEA – FMLA Interference & Retaliation)

52. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

53. The Emergency Family and Medical Leave Expansion Act ("EFMLEA') is a part of the FFCRA. It requires a covered employer to provide expanded paid family and medical leave to an eligible employee who is "caring for his or her Son or Daughter whose School or Place of Care has been closed for a period of time, whether by order of a State or local official or authority or at the decision of the individual School or Place of Care, or the Child Care Provider

of such Son or Daughter is unavailable, for reasons related to COVID-19." 29 C.F.R. § 826.20(a)(1)(v).

54. The FMLA's general prohibitions on interference with rights and discrimination, as well as the FMLA's enforcement provisions, apply with equal force to the EFLMEA. 29 C.F.R. § 826.151.

55. At all relevant times, Defendant was a covered employer under the EFMLEA, as defined by 29 C.F.R. § 826.40.

56. At all relevant times, Plaintiff was an eligible employee entitled to the protections of the EFMLEA. 29 C.F.R. § 826.30.

57. Plaintiff's requested use of leave—to work from home or take time off when her granddaughter was not attending school due to virtual learning during the pandemic constituted a "qualifying reason" for leave under the EFMLEA. 29 C.F.R. § 826.20(a).

58. Intermittent leave is possible under the EFMLEA through mutual agreement of the employer and the employee. 29 CFR § 826.50.

59. A request to take leave is protected activity under the FMLA and by extension the EFMLEA.

60. Defendant interfered with Plaintiff's rights to leave and retaliated against her, in violation of 29 C.F.R. § 826.151, by, including but not limited to, interfering with her right to take intermittent paid family and medical leave by terminating her employment to avoid having to accommodate her requests for leave.

61. By engaging in the foregoing conduct, Defendant has interfered with, restrained, and/or denied Plaintiff's exercise of or attempt to exercise his FMLA rights, in violation of 29 C.F.R. § 826.151(a) and 29 U.S.C. § 2615(a)(1).

62. Defendant's actions were willful and taken in bad faith. Defendant did not have reasonable grounds to believe its actions did not violate the FFCRA and its attendant regulations.

63. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages and is entitled to recovery.

## COUNT VI
### (EPSLA/FLSA Interference and Retaliation)

64. Plaintiff re-alleges the foregoing paragraphs as if fully rewritten herein.

65. The Emergency Paid Sick Leave Act ("EPSLA") is a part of the FFCRA. It requires a covered employer to provide paid sick leave to an eligible employee who is "caring for his or her Son or Daughter whose School or Place of Care has been closed for a period of time, whether by order of a State or local official or authority or at the decision of the individual School or Place of Care, or the Child Care Provider of such Son or Daughter is unavailable, for reasons related to COVID-19." 29 C.F.R. § 826.20(a)(1)(v).

66. The enforcement provisions of the Fair Labor Standards Act (FLSA) apply to EPSLA, such that an employer who retaliates against an employee for invoking the statute would be found to have violated § 15(a)(3) of the FLSA and would be subject to its penalties, including but not limited to liquidated damages. 29 C.F.R. § 826.150.

67. Likewise, an employer who fails to provide paid sick leave under the EPSLA is considered to have failed to pay the minimum wage under the FLSA and is subject to its penalties, including but not limited to liquidated damages. 29 CFR § 826.150.

68. At all relevant times, Defendant was a covered employer, as defined by the EPSLA. 29 CFR § 826.40.

69. At all relevant times, Plaintiff was an eligible employee as defined by the EPSLA. 29 C.F.R. § 826.30.

70. Intermittent leave was possible under the EPSLA through mutual agreement of the employer and the employee. 29 CFR § 826.50.

71. Plaintiff's requested use of leave to work from home or take time off when her granddaughter was not attending school due to virtual learning during the pandemic constitutes a "qualifying reason" for leave under the EPSLA. 29 C.F.R. § 826.20(a)(1)(v).

72. A request to take leave is protected activity under the EPSLA.

73. Defendant interfered with Plaintiff's rights to leave and retaliated against her, in violation 29 C.F.R. § 826.150, by, including but not limited to, terminating her employment to avoid having to accommodate his requests for leave.

74. By engaging in the foregoing conduct, Defendant has interfered with, restrained, and/or denied Plaintiff's exercise of or attempt to exercise her EPSLA rights, in violation of 29 C.F.R. § 826.151(a) and 29 U.S.C. § 215(a)(3).

75. Defendant's actions were willful and taken in bad faith, and Defendant did not have reasonable grounds to believe its actions did not violate the FFCRA and its attendant regulations. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages and is entitled to recovery.

## COUNT VII

**(Civil Action for Damages for Criminal Act-- R.C. §§2933.52 and 2307.60)**

76. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

77. R.C. Chapter 2933.52 prohibits the recording of oral conversations without consent.

78. R.C. 2307.60 authorizes anyone injured in person or property by a criminal act may recover full damages.

79. In the course of her employment, Plaintiff brought to the attention of Defendant that Ms. Fry secretly recorded Plaintiff and another employee when Fry was not a party to the conversation and did not have Plaintiff's consent. Defendant retaliated against Plaintiff by forcing Plaintiff to continue to work under Fry, allowing Fry to continue to subject Plaintiff to a hostile work environment, and terminating Plaintiff's employment because she complained about Fry's criminal conduct.

80. Defendant's unlawful actions, by and through its employees, toward Plaintiff were extreme and outrageous, and intentionally or recklessly caused her emotional distress.

81. Defendants acted willfully and maliciously with spite and ill will, and with a reckless disregard for Plaintiff's legal rights.

82. As a direct and proximate result of Defendants' actions, Plaintiff suffered damages and is entitled to judgment.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demand judgement against Defendant as follows:

(a) That Defendant be enjoined from further unlawful conduct as described herein:

(b) That Plaintiff be reinstated to her employment effective August 20, 2020;

(c) That Plaintiff be awarded all lost pay and benefits;

(d) The Plaintiff be awarded compensatory damages, including for emotional distress;

(e) The Plaintiff be awarded liquidated damages;

(f) The Plaintiff be awarded punitive damages;

(g) That Plaintiff be compensated for the adverse tax consequences of receiving a lump sum award rather than her compensation over several, separate tax years

(h) The Plaintiff be awarded pre-judgment and post-judgment interest;

(i) The Plaintiff be awarded reasonable attorneys' fees and costs; and

(j) That Plaintiff be awarded all other legal and equitable relief to which she may be entitled.

        Respectfully Submitted,

*/s/ George M. Reul, Jr.*
George M. Reul, Jr. (0069992)
Trial Attorney for Plaintiff
Freking, Myers, & Reul, LLC
600 Vine Street, 9th Floor
Cincinnati, OH 45202
Phone: (513) 721-1975
Fax: (513) 651-2570
*greul@fmr.law*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all matters so triable.

*/s/ George M. Reul, Jr.*